```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**GREGORY D. CROSBY,**

                **Plaintiff,**

    v.                             **CASE NO. 09-3179-SAC**

**LT. MARTIN, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a <u>Bivens</u>[1] complaint, filed pro se by a prisoner confined in a Leavenworth, Kansas, correctional facility operated by Corrections Corporation of America (CCA). Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 district court filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[2] the

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] *See* <u>Crosby v. John Doe Regional Director</u>, Case No. 09-3080-SAC/Appeal No. 09-3195 ($455.00 appellate filing fee).

court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

In this action, plaintiff states he was forced to move to strip cell, and that once he removed his clothes he was sprayed with chemicals for no reason and left three to five minutes in his cell with the food slot closed. He was then taken to a shower where he complained of burning and requested medical attention and a towel. A towel and soap were provided, and a nurse appeared but made no assessment and only advised plaintiff to put water on his body. Plaintiff was then placed in the strip cell for seven days, and claims he was denied proper medical care and provided only finger food. On these allegations, plaintiff seeks damages from three named and two unnamed CCA defendants in their individual and official capacities for their alleged violation of plaintiff's Eighth Amendment protections against being subjected to excessive force and the denial of medical care.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having reviewed plaintiff's allegations which the court assumes as true and liberally construes in plaintiff's favor, the court finds the complaint is subject to being dismissed as stating no claim for relief.

First, to the extent plaintiff seeks damages under Bivens v.

2

Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), from defendants in their individual capacity, no cause of action under Bivens is presented because the Supreme Court has not extended Bivens to reach the conduct of an employee of a private corporation if alternative state causes of actions for damages are available to the plaintiff to address the alleged injury.  *See* Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005).  Here, especially where plaintiff's allegations reflect negligence at most rather than constitutional error, a tort action in the state courts would be available.  See Lindsey v. Bowlin, 557 F.Supp.2d 1225 (D.Kan. 2008)(Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights).

And second, to the extent plaintiff seeks damages under Bivens against any defendant in their official capacity any such claim is clearly barred.  While Bivens, authorizes a suit for damages against federal officials in their *individual* capacities for alleged violations of the plaintiff's constitutional rights, id. at 395-97, such an action against federal officials in their *official* capacities would be a claim against the United States and thus barred by sovereign immunity.  Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)(*citing*  F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994)).  See Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity.").

*Notice and Show Cause Order to Plaintiff*

3

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior appellate fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 4th day of September 2009 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4