IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY D. CROSBY,

                              Plaintiff,

             v.                              CASE NO. 09-3179-SAC

LT. MARTIN, et al.,

                              Defendants.



O R D E R

    Plaintiff initiated this pro se *Bivens*[1] action seeking damages
on allegations of mistreatment during his confinement in a
Leavenworth, Kansas, correctional facility operated by Corrections
Corporation of America (CCA) while in federal custody.  The court
examined plaintiff's allegations and directed plaintiff to show
cause why the complaint should not be summarily dismissed as stating
no claim for relief.  Having reviewed plaintiff's response, the
court dismisses the complaint.

    Plaintiff claimed he was subjected to a chemical spray for no
reason after being moved to a strip cell, and thereafter denied an
immediate shower, medical attention, or meals other than finger
food.  On these allegations plaintiff seeks damages from five CCA
defendants in their individual and official capacities for their
alleged violation of plaintiff's Eighth Amendment protections
against being subjected to excessive force and the denial of medical

_____

    [1]*Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics*, 403 U.S. 388 (1971).

care.

The court found no claim for relief was stated against defendants in their individual capacity because the Supreme Court has not extended *Bivens* to reach the conduct of an employee of a private corporation if alternative state causes of actions for damages, such as state tort claim for negligence, are available to the plaintiff to address the alleged injury. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001); *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1101 (10th Cir.2005); *Lindsey v. Bowlin*, 557 F.Supp.2d 1225 (D.Kan.2008).

In response, plaintiff insists defendants' actions constituted actionable Eighth Amendment claims rather than negligence. Plaintiff, however, does not address why the complaint should not be summarily dismissed because the Supreme Court has not extended *Bivens* to encompass a cause of action against employees of private correctional facilities, a holding the Court recently made clear. *See Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012)(prisoner could not assert an Eighth Amendment *Bivens* claim for damages against private prison employees).

Additionally, the court finds no merit to plaintiff's suggestion that the complaint should be allowed to proceed under 42 U.S.C. § 1983, because plaintiff alleges no violation of his rights "by a person acting under color of *state* law." *See West v. Atkins*, 487 U.S. 42 (1988). Nor is the court authorized to transfer this action to the state courts as plaintiff further suggests.

Accordingly, the court concludes the complaint should be dismissed as stating no claim upon which relief can be granted.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 12th day of June 2012 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge